IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ISMAEL MARTINEZ and | § | |
| MARIA DEL CARMEN MARTINEZ | § | |
|    Plaintiffs | § | |
| | § | C.A. NO. _5:20-cv-363_____ |
| VS. | § | |
| | § | |
| SELECT PORTFOLIO SERVICING, INC. | § | |
|    Defendant | § | |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant, Select Portfolio Servicing, Inc. ("SPS" or "Defendant") through undersigned counsel, hereby removes this case from the 73rd Judicial District Court of Bexar County, Texas, to the United States District Court for the Western District of Texas, San Antonio Division. Defendant denies the allegations of the Complaint and the damages contained therein, and files this Notice without waiving any defenses, exceptions, or obligations that may exist in its favor in state or federal court.

## I.    INTRODUCTION AND STATEMENT OF COMMENCEMENT OF ACTION

1.    On February 28, 2020, Plaintiffs Ismael and Maria Del Carmen Martinez ("Plaintiffs") commenced this action by filing a Petition, Cause No. 2020-CI-04171, in the 73rd Judicial District Court of Bexar County, Texas (the "State Court Action"). See Exhibit C-1. Defendant filed an answer on March 23, 2020. See Exhibit C-5. Defendant has not been formerly served with the Petition; therefore this action is being removed less than 30 days following service of the Petition filed in the State Court Action and less than 30 days after Defendant appeared in the State Court Action. This action is also being filed within 30 days of

when the State Court Action was filed.  Accordingly, removal is timely under 28 U.S.C. §1446(b).[1]

## II.   PLEADINGS AND NOTICE TO STATE COURT

2.   True and correct copies of all process and pleadings in the State Court Action are being filed along with this Notice of Removal.  Pursuant to 28 U.S.C. § 1446(d), written notice of this removal is being served on Plaintiffs and filed in the State Court Action.

## III.   STATEMENT OF STATUTORY BASIS FOR JURISDICTION AND VENUE

3.   This action is within the original jurisdiction of the United States District Court pursuant to 28 U.S.C. §1332(a)(1).  That statute provides, in pertinent part, that "the district courts shall have the original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States."  28 U.S.C. § 1332(a)(1).  Venue is proper in this district under 28 U.S.C. §1441(a) because the state court where the State Court Action has been pending is located in this district.  As discussed in detail below, this action satisfies the statutory requirements for diversity of citizenship jurisdiction.

## IV.   DIVERSITY JURISDICTION

### A.   Citizenship of the Parties

4.   This civil action involves a controversy between citizens of different states. Plaintiffs are citizens of the State of Texas.[2]

5.   Defendant, Select Portfolio Servicing, Inc., is a Utah Corporation and is not a citizen of Texas for diversity purposes.  A corporation is deemed to be a citizen of (1) every state where it has been incorporated and (2) the state where it has its principal place of business (i.e.

---

[1]   *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999).
[2]   See Plaintiff's Original Petition at ¶¶ 2 and 3 (the "Complaint").

2

its "nerve center").[3]  Defendant is a Utah corporation with its principal place of business in Salt Lake City, Utah.  SPS is not incorporated in Texas, nor is its principal place of business located in Texas.  Therefore, SPS is a citizen of Utah for purposes of diversity jurisdiction.

6.      Since Plaintiffs are citizens of Texas and Defendant is a citizen of a state other than Texas, complete diversity of citizenship exists.  *See* 28 U.S.C. § 332(c)(1).

**B.      Amount in Controversy**

7.      This case places an amount in controversy that exceeds the $75,000 threshold.  A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction.  *See* 28 U.S.C. § 1441(a). Such jurisdiction exists as long as the parties are completely diverse and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332(a).

8.      When ascertaining the amount in controversy in the context of a motion to remand, district courts query whether a plaintiff's state court petition, as it existed at the time of removal, alleged damages in excess of the statutory minimum. *See S.W.S. Erectors, Inc. v. Infax, Inc.,* 72 F.3d 489, 492 (5th Cir.1996). If the petition does not allege a specific amount of damages, the removing party must prove by a preponderance of the evidence that the amount in controversy requirement is satisfied. *See Lewis v. State Farm Lloyds*, 205 F. Supp. 2d 706, 708 (S.D. Tex. 2002) citing *De Aguilar v. Boeing Co.,* 11 F.3d 55, 58 (5th Cir.1993); *see also Manguno v. Prudential Prop. and Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir.2002) (explaining that the removing party bears the burden of showing that federal jurisdiction exists and that removal is proper). The removing party satisfies this burden if the court finds it "facially apparent" that the plaintiff's claimed damages likely exceed $75,000.00. *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir.1995).

---

[3]     28 U.S.C. §1332(c)(1).

9.      In this instance, Plaintiffs' Complaint makes it apparent that Plaintiffs' claimed damages exceed $75,000.00 given that Plaintiffs seek to enjoin Defendant from foreclosing on property located at 7947 Meadow Wind, San Antonio, Texas 78227 (the "Property").[4]   The value of the Property exceeds $75,000.00.  See Exhibit D.

10.     The value of the Property according to the Bexar County Appraisal District is no less than $159,630 for the tax year of 2019.  See Exhibit D.

11.     Federal jurisdiction can be established by facts alleged in the petition for removal that support a conclusion that the amount in controversy requirement is satisfied.[5]   "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."[6]   Plaintiffs seek relief which if successful would preclude enforcement of the contractual loan obligations and Trustee's right to foreclose on the Property.

12.     "[W]hen the validity of a contract or a right to property is called into question in its entirety, the value of the property controls the amount in controversy."[7]   "[T]he amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented."[8]   Also, where a party seeks to quiet title or undo a foreclosure, the object of the litigation is the property at issue and the amount in controversy is measured by the value of the property.[9]   The value of the subject property in this instance for diversity purposes is no less than $159,630 per the records of the Bexar County Appraisal District

---

[4]     See Complaint at ¶¶ 8 and 26.  Plaintiffs have misidentified the property at issue or there is a typo in the Complaint. The actual address of the Property is 7947 Meadow Wind, San Antonio, Texas 78227.  See Exhibit D.

[5]     *Menendez v. Wal-Mart Stores, Inc.*, 364 Fed.Appx. 62, 66, 2010 WL 445470, 2 (5th Cir. 2010) (unpublished) (*citing Garcia v. Koch Oil Co. of Texas, Inc.*, 351 F.3d 636, 638-39 (5th Cir. 2003)).

[6]     *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347, 97 S. Ct. 2434, 53 L. Ed. 2d 383 (1977).

[7]     Wa*ller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547-48 (5th Cir. 1961).

[8]     *Webb v. Investacorp, Inc.*, 89 F.3d 252 (5th Cir. 1996), citing *Leininger v. Leininger*, 705 F.2d 727 (5th Cir. 1983).

[9]     *See Berry v. Chase Home Fin., LLC*, 2009 WL 2868224, at *2 (S.D. Tex. August 27, 2009).

4

for 2019.  See Exhibit D.  The value of the Property in this instance satisfies the jurisdictional

amount of $75,000.00 for diversity purposes.

## V.     <u>JURY DEMAND</u>

13.     Plaintiffs have not made any known jury demand in the State Court Action.

## VI.     <u>CONCLUSION</u>

14.     For the foregoing reasons, Defendant asks the Court to remove this suit to the

United States District Court for the Western District of Texas, San Antonio Division.

Respectfully submitted,

By: /s/ Michael F. Hord Jr.
    Michael F. Hord Jr.
    State Bar No. 00784294
    Federal I.D. No. 16035
    Eric C. Mettenbrink
    State Bar No. 24043819
    Federal I.D. No. 569887
    HIRSCH & WESTHEIMER, P.C.
    1415 Louisiana, 36th Floor
    Houston, Texas  77002-2772
    713-220-9182 Telephone
    713-223-9319 Facsimile
    E-mail: mhord@hirschwest.com
    Email:  emettenbrink@hirschwest.com

**ATTORNEYS FOR DEFENDANT**

20060161.20200239/3504018.1

## CERTIFICATE OF SERVICE

On this 23rd day of March, 2020, I hereby certify that a true and correct copy of the foregoing Notice of Removal was forwarded as follows:

Ismael and Maria Del Carmen Martinez Pro Se
7947 Meadow Wind
San Antonio, Texas 78227
Mayo1956@yahoo.com
**Via Email and U.S. Regular Mail**


/s/ Michael F. Hord Jr.
Michael F. Hord Jr.

20060161.20200239/3504018.1